UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ISRAEL BECKLES,

                                    Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL KATINAS, POLICE OFFICERS JOHN DOES
1-3,

                                    Defendants.

**ECF CASE**

**COMPLAINT**

07 CV 11355 (DLC)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ x

**<u>PRELIMINARY STATEMENT</u>**

      1.      This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging misconduct by the City of New York and officers employed by the New York City Police Department ("NYPD") and the New York City Department of Correction ("DOC"). Plaintiff alleges that, on April 4, 2007, NYPD officers subjected him to an illegal entry into his residence, an illegal search of his residence, false arrest, false imprisonment, two illegal strip searches, excessive force, fabrication of evidence, and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution. Plaintiff further alleges that, on or about April 6, 2007, DOC officers, pursuant to a policy, practice and custom of the City of New York, subjected him to an unreasonable nonprivate group strip search at Rikers Island Correctional Facility in violation of the Fourth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's constitutional rights occurred in Manhattan at NYPD Headquarters located at One Police Plaza, at the office of the Civilian Complaint Review Board located at 40 Rector Street, and at the Department of Correction located on Hudson Street. Finally, venue is proper pursuant to 28 U.S.C. § 1391(b) because plaintiff was illegally strip searched in this district at Rikers Island Correctional Facility.

**PARTIES**

4. Plaintiff is a resident of the State of New York.

5. Plaintiff is married, has children, is employed and does not have a criminal record.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Michael Katinas is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on April 4, 2007. Katinas is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Katinas is sued in his individual capacity.

8. Police Officers John Does 1-3 are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on April 4, 2007.

## STATEMENT OF FACTS

9. In April, 2007, plaintiff rented a bedroom in a large three bedroom apartment located at 730 Flatbush Avenue, Brooklyn, New York.

10. On April 4, 2007, plaintiff, after leaving work, arrived at 730 Flatbush Avenue and discovered that the front door to the apartment was open and that approximately four police officers, including Officer Michael Katinas, were inside.

11. Upon information and belief, the police officers had unlawfully entered the apartment earlier without a warrant.

12. When plaintiff entered the apartment, Katinas and his fellow officers clapped their hands.

13. Katinas and his fellow officers then asked plaintiff who was the owner of the illegal contraband that was allegedly found in the apartment.

14. Plaintiff explained that he had just rented a bedroom in the apartment a few days earlier and that he neither possessed nor knew anything about the presence of illegal contraband.

15. Despite the facts that plaintiff was never in actual or constructive possession of illegal contraband, that no contraband was found in plaintiff's bedroom, and that plaintiff had not committed a crime, Officer Katinas and his fellow officers arrested plaintiff.

16. Subsequent to arresting plaintiff, Katinas and his fellow officers, acting in concert, unlawfully strip searched plaintiff in the apartment.

17. Officer Katinas and his fellow officers, acting in concert, then unlawfully handcuffed plaintiff in an excessively tight manner causing marks on plaintiff's wrists.

18. The officers ignored plaintiff's requests to loosen the cuffs.

19. Plaintiff was subsequently transported to the 70th Precinct for arrest processing.

20. At the 70th Precinct, Officer Katinas and his fellow officers, acting in concert, illegally strip searched plaintiff and directed plaintiff to bend over, squat and cough.

21. Plaintiff was subsequently taken to Brooklyn Central Booking to await arraignment.

22. While plaintiff was in Central Booking, Officer Katinas and his fellow officers, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for possession of marijuana, a gun and ammunition.

23. In the evening of April 5, 2007, plaintiff was arraigned in Criminal Court, Kings County.

24. The presiding judge set $5,000 bail.

25. Plaintiff was subsequently taken to Rikers Island Correctional Facility.

26. At the time that plaintiff arrived at Rikers Island, the City of New York maintained an illegal policy, practice and custom of strip searching new admission detainees in a nonprivate manner in groups.

27. Plaintiff was strip searched at Rikers Island in an unreasonable nonprivate manner pursuant to the City's policy, practice and custom.

28. On June 11, 2007, plaintiff was released from Rikers Island.

4

29. On September 13, 2007, the criminal charges filed against plaintiff were dismissed.

30. As a result of defendants' actions, plaintiff was incarcerated from April 4, 2007 to June 11, 2007, was deprived of his liberty from April 4, 2007 to September 13, 2007, paid $10,000 in legal fees, and suffered pain, injuries to his wrists, emotional distress, mental anguish, fear, embarrassment, humiliation, and damage to his reputation.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST OFFICER MICHAEL KATINAS AND JOHN DOES 1-3

31. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30 as if fully set forth herein.

32. The conduct of Michael Katinas and John Does 1-3, as described herein, amounted to an illegal entry into plaintiff's residence, an illegal search of plaintiff's residence, false arrest, false imprisonment, two illegal strip searches, excessive force, fabrication of evidence, and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK CONCERNING ILLEGAL STRIP SEARCHES AT RIKERS ISLAND CORRECTIONAL FACILITY

33. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32 as if fully set forth herein.

33. On the date that plaintiff arrived at Rikers Island, the City of New York maintained an illegal policy, practice and custom of strip searching new admission detainees in a nonprivate manner in groups.

34. Plaintiff was strip searched at Rikers Island in an unreasonable nonprivate manner pursuant to the City's policy, practice and custom.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK CONCERNING THE CONDUCT OF ITS POLICE DEPARTMENT

35. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-34 as if fully set forth herein.

36. The City of New York, through the actions of the NYPD, directly caused the constitutional violations suffered by plaintiff.

37. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the individual defendants, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

38. The aforesaid conduct by the City of New York violated plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: December 18, 2007
     Brooklyn, New York

            CARDINALE & MARINELLI
            26 Court Street, Suite 1815
            Brooklyn, New York 11242
            (718) 624-9391

            By:

            *Richard J. Cardinale*
            _____
            RICHARD J. CARDINALE (RC-8507)