UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ISRAEL BECKLES,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL KATINAS, POLICE OFFICERS JOHN DOES
1-3,

                        Defendants.

**ANSWER OF DEFENDANTS CITY AND KATINAS**

07 Civ. 11355 (DLC)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

       The City of New York ("City") and Police Officer Michael Katinas ("Katinas"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.    Deny the allegations set forth in paragraph "1" of the complaint except admit that plaintiff purports to proceed as stated therein.

       2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and to invoke the jurisdiction of the Court as stated therein.

       3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

       4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

       5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

       6.    Admit the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant Katinas is currently employed by the City of New York as a police officer, and that plaintiff purports to sue him as stated therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff was taken to the 70th Precinct for arrest processing.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff was arraigned in Kings County Criminal Court on April 5, 2007.

24. Admit the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admit that plaintiff's criminal case was dismissed on September 13, 2007.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants City and Katinas repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32' of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants City and Katinas repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in the second paragraph "33" of the complaint.[1]

35. Deny the allegations set forth in paragraph "34" of the complaint.

36. In response to the allegations set forth in paragraph "35" of the complaint, defendants City and Katinas repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "36" of the complaint.

38. Deny the allegations set forth in paragraph "37" of the complaint.

39. Deny the allegations set forth in paragraph "38" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

40. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

41. Defendants City and Katinas have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

42. Defendant Katinas has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

43. At all times relevant to the acts alleged in the complaint, defendant Katinas acted reasonably in the proper and lawful exercise of his discretion.

---

[1] Plaintiff's complaint contains two separate paragraphs labeled "33."

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:	New York, New York
	March 6, 2008

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> Attorney for Defendants City and Katinas
> 100 Church Street, Room 3-153
> New York, New York 10007
> (212) 788-1298

By: _____
	DOUGLAS W. HEIM
	Assistant Corporation Counsel