UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ISRAEL BECKLES,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL KATINAS, shield # 14116, POLICE
OFFICER MICHAEL BURKE, shield # 10389, POLICE
OFFICER GUISEPPE GIUCA, shield # 9511,

                                          Defendants.

**ECF CASE**

**FIRST AMENDED COMPLAINT**

07 CV 11355 (DLC)

Jury Trial Demanded

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

        1.      This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging misconduct by the City of New York and officers employed by the New York City Police Department ("NYPD") and the New York City Department of Correction ("DOC"). Plaintiff alleges that, on April 4, 2007, NYPD officers subjected him to false arrest, false imprisonment, two illegal strip searches, excessive force, fabrication of evidence, and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution. Plaintiff further alleges that, on or about April 6, 2007, DOC officers, pursuant to a policy, practice and custom of the City of New York, subjected him to an unreasonable nonprivate group strip search at Rikers Island Correctional Facility in violation of the Fourth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's constitutional rights occurred in Manhattan at NYPD Headquarters located at One Police Plaza, at the office of the Civilian Complaint Review Board located at 40 Rector Street, and at the Department of Correction located on Hudson Street. Finally, venue is proper pursuant to 28 U.S.C. § 1391(b) because plaintiff was illegally strip searched in this district at Rikers Island Correctional Facility.

**PARTIES**

4. Plaintiff is a resident of the State of New York.

5. Plaintiff is married, has children, is employed and does not have a criminal record.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Michael Katinas is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on April 4, 2007. Katinas is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Katinas is sued in his individual capacity.

8. Police Officer Michael Burke is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on April 4, 2007. Burke is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Burke is sued in his individual capacity.

9. Police Officer Guiseppe Giuca is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on April 4, 2007. Giuca is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Giuca is sued in his individual capacity.

## STATEMENT OF FACTS

10. In April, 2007, plaintiff rented a bedroom in a large three bedroom apartment located at 730 Flatbush Avenue, Brooklyn, New York.

11. On April 4, 2007, plaintiff, after leaving work, arrived at 730 Flatbush Avenue and discovered that the front door to the apartment was open and that approximately four police officers, including Officers Michael Katinas, Michael Burke and Guiseppe Giuca, were inside.

12. When plaintiff entered the apartment, Katinas, Burke, Giuca, and the other officer clapped their hands.

13. Katinas, Burke, Giuca and the other officer then asked plaintiff who was the owner of the illegal contraband that was allegedly found in the apartment.

14. Plaintiff explained that he had just rented a bedroom in the apartment a few days earlier and that he neither possessed nor knew anything about the presence of illegal contraband.

15. Despite the facts that plaintiff was never in actual or constructive possession of illegal contraband, that no contraband was found in plaintiff's bedroom, and that plaintiff had not committed a crime, Katinas, Burke, Giuca and the other officer arrested plaintiff.

16. Subsequent to arresting plaintiff, Katinas, Burke, Giuca and the other officer, acting in concert, unlawfully strip searched plaintiff in the apartment.

17. Katinas, Burke, Giuca and the other officer, acting in concert, then unlawfully handcuffed plaintiff in an excessively tight manner causing marks on plaintiff's wrists.

18. The officers ignored plaintiff's requests to loosen the cuffs.

19. Plaintiff was subsequently transported to the 70th Precinct for arrest processing.

20. At the 70th Precinct, Katinas, Burke, Giuca and the other officer, acting in concert, illegally strip searched plaintiff and directed plaintiff to, among other things, bend over, squat and cough.

21. Plaintiff was subsequently taken to Brooklyn Central Booking to await arraignment.

22. While plaintiff was in Central Booking, Katinas, Burke, Giuca and the other officer, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for possession of marijuana, a gun and ammunition.

23. In the evening of April 5, 2007, plaintiff was arraigned in Criminal Court, Kings County.

24. The presiding judge set $5,000 bail.

25. Plaintiff was subsequently taken to Rikers Island Correctional Facility.

26. At the time that plaintiff arrived at Rikers Island, the City of New York maintained an illegal policy, practice and custom of strip searching new admission detainees in a nonprivate manner in groups.

27. Plaintiff was strip searched at Rikers Island in an unreasonable nonprivate manner pursuant to the City's policy, practice and custom.

28. On June 11, 2007, plaintiff was released from Rikers Island.

29. On September 13, 2007, the criminal charges filed against plaintiff were dismissed.

30. As a result of defendants' actions, plaintiff was incarcerated from April 4, 2007 to June 11, 2007, deprived of his liberty from April 4, 2007 to September 13, 2007, incurred $10,000 in legal fees, suffered pain and injuries to his wrists, and experienced emotional distress, mental anguish, fear, embarrassment, humiliation, and damage to his reputation.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST OFFICER MICHAEL KATINAS, OFFICER MICHAEL BURKE AND OFFICER GUISEPPE GIUCA**

31. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30 as if fully set forth herein.

32. The conduct of Michael Katinas, Michael Burke and Guiseppe Giuca, as described herein, amounted to false arrest, false imprisonment, two illegal strip searches,

5

excessive force, fabrication of evidence, and malicious prosecution in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK CONCERNING ILLEGAL STRIP SEARCHES AT RIKERS ISLAND CORRECTIONAL FACILITY

33. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-32 as if fully set forth herein.

34. On the date that plaintiff arrived at Rikers Island, the City of New York maintained an illegal policy, practice and custom of strip searching new admission detainees in a nonprivate manner in groups.

35. Plaintiff was strip searched at Rikers Island in an unreasonable nonprivate manner pursuant to the City's policy, practice and custom.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK CONCERNING THE CONDUCT OF ITS POLICE DEPARTMENT

36. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-35 as if fully set forth herein.

37. The City of New York, through the actions of the NYPD, directly caused the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the individual defendants, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed

to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

39. The aforesaid conduct by the City of New York violated plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

  a. Compensatory damages in an amount to be determined by a jury;

  b. Punitive damages in an amount to be determined by a jury;

  c. Costs, interest and attorney's fees;

  d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: April 3, 2008
    Brooklyn, New York

          CARDINALE & MARINELLI
          26 Court Street, Suite 1815
          Brooklyn, New York 11242
          (718) 624-9391

          By:

          *Richard J. Cardinale*
          _____
          RICHARD J. CARDINALE (RC-8507)